IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00874–RM–KMT

DAVID SUDDUTH,
APARTMENTS RESURFACING, L.L.C., and
DAYLAN HUNT,

    Plaintiffs,

v.

SERVIS ONE INC., d/b/a BSI FINANCIAL SERVICES INC., and
MRH SUB 1 L.L.C.,

    Defendants.

---

## ORDER

---

This matter is before the court on Defendants' "Joint Unopposed Motion for Stay of Discovery." (Doc. No. 39, filed July 22, 2014.) For the following reasons, Defendants' Motion to Stay is DENIED.

In their First Amended Complaint, filed April 8, 2014, Plaintiffs alleges that Defendants engaged in misconduct relating to the servicing of Plaintiffs' single-family home mortgage, in violation of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*; the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220 *et seq.*; the National Housing Act ("NHA"), 12

U.S.C. § 1715 *et seq.*; and federal regulations 24 C.F.R. 203.600 and 12 C.F.R. 1204.41.[1] (*See generally,* Doc. No. 8.)  On May 13, 2014, Defendants MRH Sub 1 LLC and Servis One, Inc. filed a "Motion to Dismiss First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)." (Doc. No. 16.)  Shortly thereafter, on May 30, 2014, Defendant CitiMortgage, Inc. filed a "Motion to Dismiss First Amended Complaint" that also argues that each of Plaintiffs' claims fail to state a claim for relief. (Doc. No. 24.)  Defendants' Motion to Stay seeks to stay discovery until ruling on Defendants' Motions to Dismiss.  (*See* Mot. Stay.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is thus an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and

---

[1] On June 12, 2014, Plaintiffs filed a unopposed motion to voluntarily dismiss their first claim for violations of RESPA, their fourth claim for violations of the NHA, and their sixth and seventh claims for violations of 24 C.F.R. 203.600 and 12 C.F.R. 1204.41, respectively.  (Doc. No. 28.) That motion has not yet been ruled on by the District Court.


maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The court acknowledges that Plaintiffs do not oppose a stay; therefore, their interest in proceeding expeditiously with this matter does not weigh heavily in the court's analysis. Nevertheless, the court is not convinced that Defendants would face a significant burden by proceeding with discovery. Defendants do not maintain that the court lacks jurisdiction over Plaintiffs' claims or that they are entitled to immunity therefrom—rather they simply move to dismiss Plaintiffs' claims for failure to state a claim pursuant to Rule 12(b)(6). Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss. This result would not only be contrary to the disfavored status of stays in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Finally, neither the interests of nonparties nor the public interest in general prompts the court to reach a different result. Indeed, the public interest favors the prompt and efficient handling of all litigation. *Sanaah,* 2009 WL 980383, at *1. Accordingly, on balance, the court

finds that a stay of discovery in this case is not warranted.

Therefore, it is

ORDERED that Defendants' "Joint Unopposed Motion for Stay of Discovery" (Doc. No. 39) is DENIED.

Dated this 25th day of September, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge