**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00874–RM–KMT

DAVID SUDDUTH,
APARTMENTS RESURFACING, L.L.C., and
DAYLAN HUNT,

    Plaintiffs,

v.

CITIMORTGAGE, INC.,
SERVIS ONE, INC., d/b/a BSI FINANCIAL SERVICES INC., and
MRH SUB 1 L.L.C.,

    Defendants.

---

### ORDER

---

This matter is before the Court on (1) Plaintiffs' motion to dismiss certain of its claims (ECF No. 28); (2) Defendants MRH Sub 1 LLC ("MRH Sub") and Servis One, Inc.'s ("Servis One") motion to dismiss Plaintiffs' First Amended Complaint (ECF No. 16); and (3) and Defendant CitiMortgage, Inc.'s ("CMI") motion to dismiss Plaintiffs' First Amended Complaint (ECF No. 24.)

For the reasons stated below, the Court: (1) GRANTS Plaintiffs' motion to dismiss certain of its claims; (2) GRANTS Defendants MRH Sub and Servis One's motion to dismiss; and (3) DENIES as MOOT Defendant CMI's motion to dismiss.

## I. BACKGROUND

### A. Factual Background

Plaintiffs' First Amended Complaint (ECF No. 8) pleads eight claims for relief, some particular to an individual Defendant, related to Defendants' servicing some of the Plaintiffs' single-family mortgage. The following "facts" are taken from Plaintiffs' First Amended Complaint.

Plaintiff David Sudduth is the signatory of a deed of trust and a note securing a property ("Property") mortgage. (ECF No. 8 ¶ 4.) The Property is located 15055 York Street, Brighton, Colorado 80632. (ECF No. 8 ¶ 3.) By quitclaim deed from Sudduth, Plaintiff Apartments Resurfacing LLC ("ARA") became the subsequent owner of the Property. (ECF No. 8 ¶ 5.) Plaintiff Daylan Hunt is a tenant occupying the Property. (ECF No. 8 ¶ 6.)

Defendant CMI was the note holder and "servicer" of the Property through January 14, 2014. (ECF No. 8 ¶ 9.) Defendant Servis One was the servicer of the Property mortgage from January 14, 2014 through February 26, 2014. (ECF No. 8 ¶ 11.) Defendant MRH Sub purchased the property at a public foreclosure auction on or about February 26, 2014. (ECF No. 8 ¶ 13.)

Plaintiffs engaged CMI to modify their mortgage as applicants in the Home Affordable Modification Program ("HAMP"). (ECF No. 8 ¶ 26.) CMI "turned down" Plaintiffs' initial HAMP application. (ECF No. 8 ¶ 27.) Plaintiffs wrote to CMI in which they requested an "escalation and appeal; review of the 'waterfall analysis;' and review of the Net Present Value ("NPV") analysis." (ECF No. 8 ¶ 28.) CMI never provided a copy of the waterfall or NPV analysis. (ECF No. 8 ¶ 30.) During the "HAMP appeal," CMI transferred "servicing" the Property Mortgage to Servis One on or about January 21, 2014. (ECF No. 8 ¶ 31.) Servis One

informed Plaintiffs that they would need to initiate a new HAMP application.  (ECF No. 8 ¶ 32.)  Servis One sent Plaintiffs a new HAMP solicitation and application dated February 21, 2014.  (ECF No. 8 ¶ 33.)  On or about February 26, 2014, Servis One and/or CMI foreclosed the Property and sold it to MRH Sub via a public auction.  (ECF No. 8 ¶ 34.)  CMI failed to respond to Plaintiffs' "multiple written enquires [sic]" related to the mortgage loan on the Property.  (ECF No. 8 ¶ 36.)

### B.     Procedural Background

Plaintiffs allege that particular Defendants' conduct violated the:  (1) Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, (2) Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, (3) Protecting Tenants at Foreclosure Act of 2009 ("PTAFA"), 12 U.S.C. § 5220 *et seq.*[1], and (4) National Housing Act ("NHA"), 12 U.S.C. §§ 1707-1715.  (ECF No. 8 ¶¶ 38-63.)  Plaintiffs further allege that particular Defendants' conduct violated certain federal regulations (ECF No. 8 ¶¶ 64-73) and caused them emotional distress (ECF No. 8 ¶¶ 74-79).

Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 ("Section 1331") because "this action arises under the laws of the United States."  (ECF No. 8 ¶ 15.)

On May 13, 2014, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants MRH Sub and Servis One moved to dismiss the claims against them in Plaintiffs' First Amended Complaint for failure to state a claim.  (ECF No. 16.)  On May 30, 2014, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant CMI moved to dismiss the claims against it in Plaintiffs' First Amended Complaint for failure to state a claim.  (ECF No.

---

[1] The Court notes that this is the name given by Plaintiffs as part of Pub. L. 110-343 (Oct. 3, 2008) codified at 12 U.S.C. § 5220.

24.) No Defendant has answered Plaintiffs' First Amended Complaint or filed a motion for summary judgment. (*See generally* Dkt.)

On June 12, 2014, Plaintiffs moved to dismiss certain of its claims against Defendants. (ECF No. 28.) Specifically, Plaintiffs moved to dismiss the following claims:

(1) Claim One: RESPA, 12 U.S.C. § 2605 *et seq*. against Defendant Servis One;

(2) Claim Four: NHA, 12 U.S.C. § 1715(u) against Defendants CMI and Servis One;

(3) Claim Six: Housing and Urban Development Regulation, 24 C.F.R. § 203.600 against Defendants CMI and Servis One; and

(4) Claim Seven: Regulation relating to Housing and Urban Development, 12 C.F.R. § 1204 against Defendants CMI and Servis One.

(ECF No. 28 at 2.) The Court, *infra* Section III.A, grants Plaintiffs' motion to dismiss.

On August 28, 2014, Plaintiffs and Defendant CMI stipulated to the dismissal, with prejudice, of Plaintiffs' claims against CMI. (ECF No. 46.)

Thus, the following claims remain at issue before the Court:

(1) Claim Two: FDPCA, 15 U.S.C. § 1692e(11) against Defendant Servis One (ECF No. 8 ¶¶ 43-49);

(2) Claim Three: FDCPA, 15 U.S.C. § 1692c(a)(2) against Defendant Servis One (ECF No. 8 ¶¶ 50-54);

(3) Claim Five: PTAFA, 12 U.S.C. § 5220 *et seq*. against Defendant MRH Sub (ECF No. 8 ¶¶ 59-63); and

(4) Claim Eight: an emotional distress claim against Defendant Servis One (ECF No. 8 ¶ 74-79).

4

## II. LEGAL STANDARDS

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims

across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

### III.   ANALYSIS

#### A.   Plaintiffs' Motion to Dismiss Certain of Its Claims (ECF No. 28)

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, upon a plaintiff's request, a court may order the dismissal of claims. Fed. R. Civ. P. 41(a)(2). Plaintiffs moved to dismiss Claims One, Four, Six, and Seven of their First Amended Complaint (ECF No. 8 ¶¶ 38-

41, 55-58, 64-68, 69-73) based upon Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 28 at 2.) Defendants have not filed any counterclaims. (*See generally* Dkt.) For these reasons, the Court grants Plaintiffs' motion to dismiss (ECF No. 28) and dismisses, with prejudice, Claims One, Four, Six, and Seven of Plaintiff's First Amended Complaint.

  B.  Defendants MRH Sub and Servis One's Motion to Dismiss (ECF No. 16)

    1.  Claim Two: FDCPA, 15 U.S.C. § 1692e(11)

Plaintiffs allege Defendant Servis One's conduct violated 15 U.S.C. § 1692e(11). Plaintiffs allege that Servis One did not originate the debt; that it was attempting to collect the debt on CMI's behalf, and is a "debt collector" as the term is defined by statute. (ECF No. 8 ¶¶ 44-46.) Plaintiffs allege that Servis One's initial contact, on January 22, 2014, with them violated the statute because Servis One failed to inform Plaintiffs of disclaimers and warnings mandated by statute. (ECF No. 8 ¶¶ 47-48.)

Although not all courts agree on whether and when foreclosure activities are covered by the FDCPA, the majority of courts—including those in this District—have held that foreclosure activities are outside the FDCPA's scope. *Schwitzer v. Wells Fargo Bank, N.A.*, Case No. 12-CV-01367-RBJ-MJW, 2013 WL 607832, at *5 (D. Colo. Feb. 19, 2013) (collecting cases). At this case's procedural posture, the Court assumes as true Plaintiffs allegation that Servis One was attempting to collect a monetary debt and not enforce a security interest. The Court, however, notes that Plaintiffs also allege that Servis One "was the servicer of the Property mortgage from" January 14, 2014 through February 26, 2014. (ECF No. 8 ¶ 11.)

Nevertheless, the Court holds that Plaintiffs still fail to plead a claim under the FDCPA.

First, under Section 1692 of the FDCPA, the definition of "debt collector" excludes "any person collecting or attempting to collect any debt . . . which was not in default at the time it was

7

obtained by such person. . . ." 15 U.S.C. § 1692a(6)(F). "Courts have consistently ruled that a creditor, mortgage servicing company, or assignee of the debt is not a 'debt collector' under the FDCPA if the entity acquired the loan before it was in default." *Schwitzer*, 2013 WL 607832 at \*5 (quoting *Llewellyn v. Allstate Home Loans, Inc.*, 795 F. Supp. 2d 1210, 1231 (D. Colo. 2011)). Similar to the plaintiffs in *Schwitzer*, in this case, Plaintiffs have not alleged that they were in default when Servis One began servicing the note.[2] (*See generally* ECF No. 8.) Accordingly, Servis One is not a debt collector under the FDCPA. *See Schwitzer*, 2013 WL 607832 at \*5.

Second, Section 1692e(11) of the FDCPA prohibits "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclosure in subsequent communications that the communication is from a debt collector. . . ." 15 U.S.C. § 1692e(11). Plaintiffs do not allege what disclaimers and warnings were not included in Servis One's initial contact with them. (*See generally* ECF No. 8.) Rather, Plaintiffs tender a naked legal conclusion that Servis One's communication violated the statute. (ECF No. 8 ¶ 48.) Plaintiffs' First Amended Complaint Claim Two violates the principle holding of *Iqbal*. Plaintiffs' First Amended Complaint Claim Two is a pleading that offers only labels and conclusions. It is devoid of further factual enhancement that would enable the Court to determine whether Defendants plausibly violated the FDCPA.

---

[2] Plaintiffs, in response to Defendants MRH Sub and Servis One's motion to dismiss, state that they were in default when Servis One sent communications to Plaintiffs Sudduth and ARA. (ECF No. 25 at 3.) Plaintiffs cannot amend their complaint by adding factual allegations in response to Defendants MRH Sub and Servis One's motion to dismiss. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted); *Wilson v. Jenks*, Case No. 12-CV-02495-RM-KMT, 2014 WL 6515336, at \*4 (D. Colo. Nov. 20, 2014).

For these reasons, the Court dismisses Claim Two against Servis One.

2. <u>Claim Three: FDCPA, 15 U.S.C. § 1692c(a)(2)</u>

Plaintiffs allege that Servis One's contacting them directly "despite Plaintiff's representation by an attorney" violated Section 1692c(a)(2) of the FDCPA. (ECF No. 8 ¶ 51.) Plaintiffs allege that Servis One has no prior consent from "Plaintiff's to contact them directly." (ECF No. 8 ¶ 52.) Plaintiffs allege that Servis One "knew, or should have readily ascertained, that the Plaintiff's [sic] were represented by an attorney whose name, address, phone number and other contact information were already in the file transferred to it by the Bank." (ECF No. 8 ¶ 53.)

As discussed in Section III.B.1, *supra*, Servis One was not a debt collector under the FDCPA.

Further, Plaintiffs' Claim Three is deficient as it does not provide sufficient notice to Servis One. Plaintiffs fail to allege which "Plaintiff" Servis One contacted. (*See generally* ECF No. 8.) Plaintiffs fail to allege when they were represented by an attorney[3] such that the Court could ascertain if Servis One's contact with them on January 22, 2014 violated the statute. (*See generally* ECF No. 8.) Plaintiffs' First Amended Complaint Claim Three violates the principle holding of *Iqbal*. Plaintiffs' First Amended Complaint Claim Three is a pleading that offers only labels and conclusions. It is devoid of further factual enhancement that would enable the Court to determine whether Defendants plausibly violated the FDCPA.

For these reasons, the Court dismisses Claim Three against Servis One.

---

[3] Plaintiffs, in response to Defendants MRH Sub and Servis One's motion to dismiss, state that they were represented by counsel on January 22, 2014. (ECF No. 25 at 3.) Plaintiffs cannot amend their complaint by adding factual allegations in response to Defendants MRH Sub and Servis One's motion to dismiss. *See Jojola*, 55 F.3d at 494 (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint) (citation omitted); *Car Carriers*, 745 F.2d at 1107 (holding that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citations omitted); *Wilson*, 2014 WL 6515336, at *4.

3. Claim Five: PTAFA, 12 U.S.C. § 5220 et seq.[4]

Plaintiffs allege that Hunt occupies the Property as a tenant. (ECF No. 8 ¶ 60.) Plaintiffs allege that Hunt has been the "subject of [an] illegal eviction . . . contra to the mandates of the PTAFA and [actions] undertaken" by MRH Sub. (ECF No. 8 ¶ 62.)

Courts have held that there is no private right of action under the PTAFA. *Mik v. Fed. Nat'l Mortg. Corp.*, 743 F.3d 149, 157-60 (6th Cir. 2014); *Fulcrum Enters., LLC v. Bank of Am., N.A.*, Case No. H-13-1930, 2014 WL 1669098, at *5 (S.D. Tex. Apr. 25, 2014) (citations omitted). The Court agrees that the PTAFA provides no private cause of action. Plaintiffs, puzzlingly, argue that they do not use the PTAFA to "bring a private action." (ECF No. 25 at 5.) Regardless, Plaintiffs fail to state a claim for relief under the PTAFA and thus the Court dismisses Claim Five against Defendant MRH Sub.

4. Claim Eight: Emotional Distress[5]

A statutory basis is necessary for federal courts to exercise jurisdiction over a controversy. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Among the powers the Congress has bestowed upon the federal courts is the power to hear controversies arising under federal law (federal-question jurisdiction) and controversies arising between citizens of different states (diversity jurisdiction). *See* 28 U.S.C. §§ 1331 and 1332.

---

[4] Plaintiffs allege that Hunt has "been the subject of [an] illegal eviction action contra to the mandates of the PTAFA." (ECF No. 8 ¶ 62.) Plaintiffs have not alleged a wrongful eviction action or the use of the PTAFA as a defense to an unlawful detainer action, *see Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 165-67 (6th Cir. 2014). (*See generally* ECF No. 8.) Even if the Court were to construe Plaintiffs' First Amended Complaint as alleging a wrongful eviction action, the Court dismisses Claim Five because Plaintiff Hunt is "living in the Property" and thus, has not been evicted—which is an element of an illegal eviction. *See* Colo. Rev. Stat. § 38-12-510 (2008). Plaintiffs do not allege any facts that Hunt has been subject to any other actions which constitute an illegal eviction. (*See generally* ECF No. 8.) Thus, Plaintiffs First Amended Complaint again violates the holding of *Iqbal* and is merely a legal conclusion.

[5] Defendants MRH Sub and Servis One moved to dismiss Claim Eight of Plaintiffs' First Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 16 at 9-12.) The Court, *sua sponte*, considers whether it has jurisdiction over Plaintiffs' claim for emotional distress. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Plaintiffs allege that the Court has jurisdiction over this matter pursuant to Section 1331, as their claims arise "under the laws of the United States." (ECF No. 8 ¶ 15.) Plaintiffs make no allegations regarding diversity of citizenship among the parties or the amount in controversy. (*See generally* ECF No. 8.) Section 1331 "confers jurisdiction only where a federal question is at issue, it does not create federal jurisdiction." *Rose v. Utah*, 399 F. App'x 430, 437 (10th Cir. 2010) (unpublished) (citation omitted). Plaintiffs make no allegation that their emotional distress claim arises under any law of the United States. (*See generally* ECF No. 8.)

The Tenth Circuit classifies supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (citing *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Because the Court has dismissed all of Plaintiffs' federal claims over which the Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim (a claim for emotional distress) and dismisses the claim. 28 U.S.C. § 1367(c)(3); *see Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

    **C.**    **Defendant CMI's Motion to Dismiss (ECF No. 24)**

Plaintiffs and CMI stipulated to the dismissal, with prejudice, of Plaintiffs' claims against CMI. (ECF No. 46.) The Court terminated CMI as a party to this matter on September 3, 2014. Because there is no controversy between Plaintiffs and CMI, the Court DENIES as MOOT Defendant CMI's motion to dismiss (ECF No. 24).

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) GRANTS Plaintiffs' motion to dismiss certain of its claims (ECF No. 28), to wit, the Court DISMISSES, with prejudice, Claims One, Four, Six, and Seven of Plaintiffs' First Amended Complaint (ECF No. 8 ¶¶ 38-41, 55-58, 64-68, 69-73);

(2) GRANTS Defendants MRH Sub and Servis One's motion to dismiss (ECF No. 16);

(3) DENIES as MOOT Defendant CMI's motion to dismiss (ECF No. 24); and

(4) DISMISSES, without prejudice, Claims Two, Three, Five, and Eight (ECF No. 8 ¶¶ 43-49, 50-54, 59-63, 74-79) of Plaintiffs' First Amended Complaint against Defendants MRH Sub and Servis One.

DATED this 28th day of January, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge