**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00874–RM–KMT

DAVID SUDDUTH,
APARTMENTS RESURFACING, L.L.C., and
DAYLAN HUNT,

    Plaintiffs,

v.

CITIMORTGAGE, INC.,
SERVIS ONE, INC., d/b/a BSI FINANCIAL SERVICES INC., and
MRH SUB 1 L.L.C.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants MRH Sub 1, LLC ("MRH") and Servis One, Inc. d/b/a BSI Financial Services, Inc.'s ("BSI") (collectively the "MRH Defendants") motion for attorneys' fees. (ECF No. 63.) The motion is fully briefed and ripe for adjudication.

For the reasons stated below, the Court DENIES MRH Defendants' motion for attorneys' fees.

**I.    BACKGROUND**

The Court incorporates the factual background in its prior order (ECF No. 60 at 2-3).

Before the Court is MRH Defendants' motion for attorneys' fees. (ECF No. 63.) First, MRH Defendants argue that under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Court may award them their reasonable attorneys' fees as they were the

prevailing party and Plaintiffs brought this lawsuit in bad faith and/or for the purpose of harassment. (ECF No. 63 at 2.) Second, MRH Defendants argue that pursuant to Section 13-17-102 of the Colorado Revised Statutes, the Court shall award them their reasonable attorneys' fees because Plaintiffs' emotional distress claim lacked substantial justification. (ECF No. 63 at 3.) Third, MRH Defendants argue that they are entitled to reasonable attorneys' fees incurred as a result of defending against Plaintiffs' Protecting Tenants at Foreclosure Act of 2009 ("PTAFA"), 12 U.S.C. § 5220 *et seq.*, claim. (ECF No. 63 at 3.)

MRH Defendants did not file a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (*See generally* Dkt.)

## II.    LEGAL STANDARDS

Motions for attorney's fees are governed by Federal Rule of Civil Procedure 54(d)(2). Generally, the "American Rule" provides that "the prevailing litigant is ordinarily not entitled to reasonable attorney's fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975). "A defendant is not entitled to attorney fees as an automatic consequence of success on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." *Robinson v. C.R. Laurence Co., Inc.*, 105 F.R.D. 567, 568 (D. Colo. 1985).

Under the FDCPA, attorneys' fees are granted to successful litigants pursuant to 15 U.S.C § 1692k(a)(3). When a defendant prevails and the court finds that the suit was brought in bad faith and for the purpose of harassment, then, in the court's discretion, that defendant may also recover attorney's fees. *Marx v. Gen. Rev. Corp.*, 668 F.3d 1174, 1178 (10th Cir. 2011) (citing *Smith v. Argent Mortg. Co.*, 331 F. App'x 549, 559 (10th Cir. 2009)).

Under Section 13-17-102(2) of the Colorado Revised Statutes, "in any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way

of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." Colo. Rev. Stat. § 13-17-102(2).

The PTAFA does not provide for the recovery of attorneys' fees.

If fees are to be awarded, the Court's Local Civil Rules require that a motion for attorney's fees contain both "a detailed description of the services rendered [and] the amount of time spent" and "a summary of relevant qualifications and experience." D.C. Colo. L. Civ. R. 54.3(b). To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (citation omitted). In order to satisfy its burden, plaintiff must produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The Supreme Court has found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (citation omitted). A party must demonstrate that its counsel used "billing judgment" in winnowing down the hours actually spent to those

3

reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citation omitted). Where this showing is not made, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*.

## III. ANALYSIS

### A. MRH Defendants' Motion under the FDCPA

MRH Defendants argue that they are entitled to attorneys' fees under the FDCPA because they prevailed and Plaintiffs filed their Complaint (ECF No. 8) to harass them and/or in bad faith. (ECF No. 63 at 2.)

The Court dismissed Plaintiffs' FDCPA claims on the basis that they failed to allege sufficient facts to state a claim. (ECF No. 60 at 7-9.) Although MRH Defendants were successful in their motion to dismiss, they are not entitled to attorney fees as an automatic consequence. *Robinson*, 105 F.R.D. at 568 (under Rule 11). MRH Defendants only argue that Plaintiffs' FDCPA claims against it were "brought in bad faith solely for the purpose of delaying MRH Defendants taking possession of a property it rightfully owns." (ECF No. 63 at 2.)

Based on the record before it, the Court is unable to attribute such "bad faith" to Plaintiffs. MRH Defendants attach no affidavit or declaration to their motion attesting to their position that "Plaintiffs have enjoyed possession of the property and benefited from the rental income on a property that MRH Defendants have owned for almost 11 months." (*See generally* ECF No. 63.)[1]

For these reasons, the Court denies MRH Defendants' motion for attorneys' fees in regard to Plaintiffs' claims under the FDCPA.

---

[1] The Court notes that MRH Defendants previously filed a motion for Plaintiffs to post a bond based upon a similar argument. (ECF No. 55 at 3-4.) The Court notes that no affidavit or declaration was attached to that motion. (*See generally* ECF No. 55.) The Court recognizes that MRH Defendants' counsel, as an officer of the Court, has an obligation to represent such a factual contention has evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). The Court finds, however, such "evidence" necessary before it would impose a penalty against Plaintiffs.

### B. MRH Defendants' Motion under Colo. Rev. Stat. § 13-17-102(2)

MRH Defendants argue that they are entitled to attorneys' fees under state law pursuant to Section 13-17-102 of the Colorado Revised Statutes as Plaintiffs' claim for emotional distress lacked substantial justification. (ECF No. 63 at 3.)

The Court dismissed Plaintiffs' emotional distress claim because it lacked jurisdiction over Plaintiffs' state-law claim after the Court dismissed Plaintiffs' federal claims. (ECF No. 60 at 10-11.) The Court did not reach the issue of whether Plaintiffs' emotional distress claim had substantial justification. (*See generally* ECF No. 60.) Based on the record before it, the Court is unable to determine whether Plaintiffs' emotional distress claim lacked substantial justification.

For these reasons, the Court denies MRH Defendants' motion for attorneys' fees in regard to Plaintiffs' claim for emotional distress.

### C. MRH Defendants' Motion under the PTAFA

MRH Defendants argue that they are entitled to attorneys' fees under the PTAFA because Plaintiffs' claim lacked substantial justification. (ECF No. 63 at 3-4.)

The PTAFA does not contain a provision concerning the award of attorneys' fees. *See generally* 12 U.S.C. § 5220 *et seq.* This is for good reason: the PTAFA, as the Court held, does not provide a private right of action. (ECF No. 60 at 10.) MRH Defendants, however, did not file a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure based upon Plaintiffs' filing the PTAFA claim. (*See generally* Dkt.) MRH Defendants did not move, pursuant to Rule 11, to sanction Plaintiffs for filing the PTAFA claim for an improper purpose or that it is not supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing the PTAFA. (*See generally* Dkt.)

For these reasons, the Court denies MRH Defendants' motion for attorneys' fees in regard to Plaintiffs' PTAFA claim.

## IV. CONCLUSION

Based on the foregoing, the Court:

(1)     DENIES MRH Defendants' motion for attorneys' fees (ECF No. 63).

DATED this 3rd day of April, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge